Joshua A. Schaul (State Bar No. 251337)
schaul@garveyadam.com
GARVEY ADAM LLP
19900 MacArthur Boulevard, Suite 530
Irvine, California 92612
Telephone: 714.924.4377

Attorneys for Plaintiff
Scentco, Inc.

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

SCENTCO, INC., a California corporation,

Plaintiff,

v.

CREATIVE KIDS FAR EAST, INC., a New York corporation, and DOES 1 through 10,

Defendants.

Case No. '23CV1778 AGS BLM

**COMPLAINT FOR:**

**(1) TRADEMARK INFRINGEMENT;**

**(2) UNFAIR COMPETITION; and**

**(3) UNJUST ENRICHMENT**

**DEMAND FOR JURY TRIAL**

Plaintiff Scentco, Inc. for its complaint against defendants Creative Kids Far East, Inc. and Does 1 through 10, alleges as follows:

## PARTIES

1. Plaintiff Scentco, Inc. (hereinafter, "Plaintiff") is a California corporation with a principal place of business at 8640 Argent Street, Santee, California 92071.

2. Defendant Creative Kids Far East, Inc. is, on information and belief, a New York corporation with a principal place of business at 750 Chestnut Ridge Road, Suite 301, Chestnut Ridge, New York 10977.

3. Plaintiff lacks the true names and capacities of defendants sued herein as Does 1 through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend its complaint to allege the Does' true names and capacities when they have been ascertained.

4. Plaintiff is informed and believes that each of the Doe defendants is responsible in some manner for the events and happenings herein alleged, including damages. Hereinafter, the named defendants and the Doe defendants are collectively referred to as "Defendants."

5. Plaintiff is informed and believes that each of the Defendants was the agent or employee of each of the remaining Defendants and, at all relevant times herein, acted within the course and scope of such agency and/or employment.

## JURISDICTION AND VENUE

6. This action is subject to this Court's jurisdiction pursuant to 15 U.S.C. §1121(a) (action arising under the Lanham Act), 28 U.S.C. §1331 (federal question jurisdiction), 28 U.S.C. §1338(a) (any act of congress relating to trademarks), 28 U.S.C. §1338(b) (action asserting a state claim of unfair competition joined with a substantial and related

federal claim under trademark law) and 28 U.S.C. §1367(a) (supplemental jurisdiction).

7. This Court also has jurisdiction based upon 28 U.S.C. §1332 (diversity and amount in controversy in excess of $75,000, exclusive of interest and costs).

8. This Court has personal jurisdiction over Defendants because: 1) each Defendant or their respective agents are doing business in this district and/or purposely directing their activities towards this district; and 2) Plaintiff is informed and believes that a substantial part of the wrongful acts alleged herein occurred in interstate commerce, in the State of California, and in this district.

9. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(d) for this Court has personal jurisdiction over Defendants because: 1) each Defendant or their respective agents are doing business in this district and/or purposely directing their activities towards this district; and 2) Plaintiff is informed and believes that a substantial part of the wrongful acts alleged herein occurred in interstate commerce, in the State of California, and in this district.

## FACTUAL ALLEGATIONS

10. This dispute concerns trademark infringement, unfair competition, unjust enrichment, and other wrongful acts regarding the AIR DOUGH® trademark. Since 2003 Plaintiff has been actively engaged in the design, manufacture, advertising, distribution, and sale of *The Funnest Stuff On Earth! tm* including pencils and pens, markers and crayons, plush toys, activity kits, and modeling dough.

11. Plaintiff is the owner of numerous domestic, international, and foreign trademarks, and the goodwill symbolized by its marks and the registrations thereof. To protect Plaintiff's investment in its

development of products and goodwill, Plaintiff obtained numerous trademark registrations including specifically a U.S. trademark for AIR DOUGH®, registration no. 5750339. A true and correct copy of the AIR DOUGH® registration is attached hereto as EXHIBIT A and incorporated by reference herein.

12. As detailed in EXHIBIT A, since at least September 18, 2018, Plaintiff has and continues doing business using the federally registered AIR DOUGH® mark for *toy modeling dough*.

13. Plaintiff uses its AIR DOUGH® mark in the advertising and promotion of its toy modeling dough throughout the United States and the world. By virtue of advertising and promotional services, together with consumer acceptance and recognition, Plaintiff's AIR DOUGH® mark identifies Plaintiff's modeling dough only and distinguishes it from modeling dough offered by others. Plaintiff's AIR DOUGH® has thus become synonymous with Plaintiff and is a valuable asset symbolizing Plaintiff, its high quality products, and its goodwill.

14. Through longstanding, extensive, and exclusive use, Plaintiff's AIR DOUGH® trademark is distinctive, and Plaintiff enjoys substantial commercial success. The mark is readily recognized by consumers of quality toy products and is a valuable asset of Plaintiff.

15. At all times relevant to this Complaint, Defendants are and have been acutely aware of Plaintiff's business, including the modeling dough offered under the AIR DOUGH® mark and the goodwill represented and symbolized by the AIR DOUGH® mark.

16. Plaintiff recently became aware that Defendants adopted and began using the AIR CLAY mark in connection with its *modeling compound for children's use*. Defendants' AIR CLAY mark is virtually identical to Plaintiff's AIR DOUGH® mark. Moreover, Defendants' AIR

CLAY mark incorporates the prominent portion of Plaintiff's AIR DOUGH® mark, the term AIR, which in connection with modeling clay has come to exclusively identify Plaintiff.

17. Plaintiff is informed and believes, and thereon alleges, that since at least March 24, 2022, Defendants, with constructive and/or actual notice of Plaintiff's ownership of the AIR DOUGH® mark, have and continue doing business using the AIR CLAY mark for *modeling compound for children's use*. A true and correct copy of Defendants' AIR CLAY trademark application, serial no. 90886848, is attached hereto as EXHIBIT B and incorporated by reference herein.

18. Without the consent, authorization or approval of Plaintiff, Defendants are using the AIR CLAY mark in connection with the advertisement and marketing of modeling compounds for children's use. Plaintiff is informed and believes the website https://creativekids.com, which prominently uses Defendants' infringing AIR CLAY mark, is owned and/or controlled by Defendants. A true and correct copy of the creativekids.com website is attached herein as EXHIBIT C and incorporated by reference herein.

19. Plaintiff is informed and believes, and thereon alleges, that Defendants' use of the AIR CLAY mark on advertisement, marketing materials and promotional materials in connection with Defendants' modeling compounds leads clients and potential clients to erroneously believe that modeling compounds bearing the AIR CLAY mark are affiliated with or sponsored by Plaintiff.

20. Plaintiff is informed and believes, and thereon alleges, that Defendants' use of the AIR CLAY mark is willful and calculated to deceive and cause confusion among clients and prospective purchasers of

modeling clays and compounds.

21. Plaintiff is informed and believes, and thereon alleges, that Defendants have engaged in their infringing conduct with a willful and deliberate intent to cause confusion among the purchasing public and to trade on the goodwill symbolized by Plaintiff's federally registered AIR DOUGH® mark.

22. Plaintiff is informed and believes, and thereon alleges, that Defendants, and each of them, have agreed among themselves to act, and have acted, in concert for the purpose of unfairly injuring, usurping, and appropriating to themselves Plaintiff's business, reputation, and goodwill in the AIR DOUGH® mark in one or more of the following ways:

    a. Adopting marks that are confusingly similar to Plaintiff's AIR DOUGH® mark for their own use and purposefully misleading customers to believe that the modeling compounds offered under Defendants' AIR CLAY mark are somehow related to or affiliated with Plaintiff, or sponsored by Plaintiff; and

    b. Continuing to use Defendants' infringing AIR CLAY mark that is confusingly similar to Plaintiff's AIR DOUGH® mark and infringing Plaintiff's rights under established trademark law, even after Plaintiff's constructive notice of Defendants' infringement.

23. As a result of the actions described above, Plaintiff has lost and is at risk of losing further substantial business. The harm to Plaintiff's business cannot be adequately redressed by damages, since Plaintiff's business reputation and the continuing value of the AIR DOUGH® mark is jeopardized by Defendants' acts. Further, the injury to Plaintiff's reputation will continue to accrue unless and until

Defendants are enjoined from using the infringing AIR CLAY mark and/or interfering with Plaintiff's business relationships.

**FIRST CLAIM FOR RELIEF**

**(Trademark Infringement Against All Defendants)**

24. Plaintiff repeats and incorporates by reference into this claim each of the preceding and following allegations of this complaint.

25. Plaintiff sells and distributes toy modeling dough under the federally registered AIR DOUGH® mark, registration no. 5750339. The AIR DOUGH® mark is distinctive of Plaintiff and associated with the quality products offered by Plaintiff.

26. Defendants have no rights or license to use the AIR DOUGH® mark on their modeling compounds. Defendants' use of the AIR CLAY mark was and is without Plaintiff's consent.

27. Defendants willfully and knowingly, without justification, and without privilege, designed, manufactured, imported, sold, offered for sale and/or distributed modeling compounds using the AIR CLAY mark. As such, Defendants' use of the AIR CLAY mark does cause and/or is likely to cause confusion, mistake, or deception among purchasers with Plaintiff's AIR DOUGH® mark.

28. Defendants intentionally used the AIR CLAY mark, knowing it is confusing when used in connection with the design, manufacture, importation, sale, offering for sale, and/or distribution of modeling compounds.

29. Defendants used the AIR CLAY mark in connection with the design, manufacture, importation, sale, offering for sale, and/or distribution of modeling compounds for the purpose of enhancing the commercial value of their businesses and/or selling and/or soliciting

purchases of modeling compounds.

30. Defendants, in connection with the design, manufacture, importation, sale, offering for sale, and/or distribution of modeling compounds, by use of the infringing AIR CLAY mark, made false or misleading representations of fact about the origin and sponsorship of their goods. Those advertisements and/or promotions deceived or tended to deceive a substantial segment of their audience, and the deception was material. Defendants' statements appeared in commercial advertising or promotion through its own website or other media, and Plaintiff has been and/or is likely to be injured because of the advertising.

31. Defendants' conduct violates the Lanham Act and damages Plaintiff, including exposing Plaintiff to liability, injury to Plaintiff's business reputation and goodwill, and/or dilution of the distinctive quality of Plaintiff's federally registered AIR DOUGH® mark. Due to Defendants' willfulness, Plaintiff is entitled to a treble damage award pursuant to law.

32. In addition, Plaintiff is entitled to a monetary award in the amount of the Defendants' profits due to Defendants' unjust enrichment as a result of Defendants' conduct and Defendants should be ordered to account for those profits to Plaintiff.

33. In addition, Plaintiff is entitled to a monetary award to advertise to correct any misconceptions caused by Defendants' infringement.

34. In addition, Plaintiff is entitled to its attorney's fees and costs in accordance with law.

35. In addition, Plaintiff requests appropriate injunctive relief such as restraining Defendants, their agents, servants, and employees,

and all persons acting under in concert with, or for them, from using the AIR CLAY mark, or anything similar, in connection with the offering of modeling compounds. Additionally, Plaintiff requests other appropriate relief and any necessary orders and relief from this Court in order to deter Defendants' conduct in the future.

**SECOND CLAIM FOR RELIEF**

**(Unfair Competition Against All Defendants)**

36. Plaintiff repeats and incorporates by reference into this claim each of the preceding and following allegations of this complaint.

37. California Business and Professions Code § 17200, et seq. prohibits unlawful, unfair, or fraudulent business practices.

38. Defendants have engaged, and continue to engage, in unlawful and/or unfair business practices in violation of the California Business and Professional Code as described in this complaint, including, but not limited to:

a. Intentionally, systematically, unlawfully, and unfairly using the the AIR CLAY mark that is confusingly similar to Plaintiff's federally registered AIR DOUGH® mark after it has become exclusively identified with Plaintiff's modeling dough following continuous commercial use by Plaintiff throughout the United States;

b. Offering, selling, distributing and/or advertising modeling compounds using AIR CLAY mark that does cause and/or is likely to cause confusion;

c. Palming off confusingly similar modeling compound goods by imitating the name, marks and trade dress of Plaintiffs' goods, intending to compete with Plaintiffs by

                deceiving the public; and

d. False advertising by the use of false or misleading statements which Defendants knew or should have known, were untrue and/or misleading (15 U.S.C. § 1111*, et seq*.; California Business and professions Code §17500, *et seq*.).

39. The illegal, unlawful and unfair conduct of Defendants is in violation of the law.

40. The acts of Defendants alleged herein were done in the course of business, and for a business purpose. As a proximate result of these unlawful and unfair business practices, the public has been and continues to be deceived. Plaintiff is entitled to injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from committing or continuing any of the unfair business practices alleged herein, or any other business practice which unfairly harms Plaintiff, or which is likely to confuse or deceive the public.

41. As a further direct and proximate result of Defendants' infringement and palming off, Plaintiff has suffered economic damages, which continue to accrue by the continuance of such wrongful conduct, and Plaintiff is therefore entitled to an award of compensatory damages according to proof.

42. Defendants have also been unjustly enriched by profits derived from sales attributable to infringement of the AIR DOUGH® mark and/or palming off; Defendants should be ordered to account for such profits and pay them over to Plaintiff.

43. The aforementioned conduct of trademark infringement and palming off by Defendants was oppressive and malicious, and done in

conscious disregard of the rights of Plaintiff, entitling Plaintiff to an award of exemplary and punitive damages for such conduct, as allowed by law.

44. No complete remedy exists at law for the injuries suffered by Plaintiff herein insofar as further irreparable harm will result to Plaintiff from Defendants' continued or future violation of the Business and Professions Code absent injunctive relief. Therefore, Plaintiff requests appropriate injunctive relief.

**THIRD CLAIM FOR RELIEF**

**(Unjust Enrichment Against All Defendants)**

45. Plaintiff repeats and incorporates by reference into this claim each of the preceding and following allegations of this complaint.

46. Defendants, through the conduct alleged herein, have received the benefits of the use and exploitation of the AIR DOUGH® mark and of Plaintiff's goodwill.

47. Defendants have unjustly retained the benefits of their use and exploitation of the AIR DOUGH® mark and of Plaintiff's goodwill at Plaintiff's expense.

48. As a direct, proximate, and foreseeable result of the conduct and omissions alleged above, Defendants have been unjustly enriched through the use and exploitation of Plaintiff's mark and of its goodwill and Plaintiff has been deprived of money that was wrongfully paid to Defendants, which, absent Defendants' violations, would have otherwise been due to Plaintiff. Plaintiff is entitled to restitution of any and all such sums in an amount to be determined at trial.

49. As a direct and proximate result of the foregoing acts and conduct, Plaintiff has sustained and will continue to sustain substantial, immediate and irreparable injury, for which there is no adequate remedy

at law, including without limitation the loss of consumer goodwill. Plaintiff is informed and believes and thereon alleges that unless enjoined and restrained by this Court, Defendants will continue to engage in unlawful and wrongful conduct, in violation of the law. Plaintiff is entitled to preliminary and permanent injunctive relief.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. On the First claim:

   a. For an accounting by Defendants of all profits obtained from the sale of infringing goods, and for payment of the same to Plaintiff;

   b. Statutory penalties under the Lanham Act for infringement by Defendants, including treble damages;

   c. Money damages, including but not limited to compensation adequate to pay Plaintiff the cost of advertising reasonably necessary to correct public confusion caused by Defendants' infringement;

   d. Attorney's fees and costs as allowed by law;

   e. Injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from using the AIR DOUGH® mark, AIR CLAY mark, similar marks, or trade name in connection with the importation, offer, sale, distribution and/or advertising of modeling clays and compounds; and

   f. Destruction of the infringing articles manufactured by Defendants and all labels, packaging, literature, and

advertising infringing on Plaintiff's AIR DOUGH® mark.

2. On the Second claim:

a. Compensatory damages for Defendants' trademark infringement and palming off according to proof;

b. For an accounting by Defendants of all profits derived from trademark infringement and palming off, and for payment of same to Plaintiff;

c. Exemplary and punitive damages for trademark infringement and palming off as allowed by law;

d. Injunctive relief restraining Defendants, their agents, servants, and employees, and all persons acting under, in concert with, or for them, from using the AIR DOUGH® mark, AIR CLAY mark, or any marks that are confusingly similar; and

e. Other appropriate equitable relief, including the imposition of affirmative duties upon Defendants, which are reasonably necessary to protect the AIR DOUGH® mark, now and in the future.

3. On the Third claim:

a. For restitution from Defendants, and each of them, for said unjust enrichment; and

b. A constructive trust over any sums by which Defendants have been so unjustly enriched.

4. On all claims:

a. For prejudgment interest according to law;

b. For Plaintiff's costs incurred in this action; and

c. For such other and further relief as the Court may

deem just and proper.

Date: September 27, 2023

GARVEY ADAM LLP

By: /s/ Joshua A. Schaul
Joshua A. Schaul
Attorneys for Plaintiff
Scentco, Inc.

**DEMAND FOR JURY TRIAL**

Plaintiff Scentco, Inc. requests a trial by jury on all claims and defenses so triable.

Date: September 27, 2023 GARVEY ADAM LLP

By: /s/ Joshua A. Schaul
Joshua A. Schaul
Attorneys for Plaintiff
Scentco, Inc.